IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MBAH REGAN TEBOH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-593-KC |
| § | |
| MICHAEL WATKINS and KRISTI § | |
| NOEM, § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER

On this day, the Court considered Mbah Regan Teboh's Amended Petition for a Writ of Habeas Corpus, ECF No. 5.

Teboh entered the country on December 28, 2024, and has been detained since. Am. Pet. 5, 34. He is currently detained at Camp East Montana in El Paso, Texas. *Id.* ¶ 2. On October 23, 2025, an Immigration Judge ("IJ") denied Teboh relief. *Id.* at 5–6; *see id.* Ex. A ("IJ Order"), at 3, ECF No. 5-1. Teboh waived his right to appeal the IJ's decision. IJ Order 4. Teboh alleges that during his hearing on October 23, the IJ stated he would not be removed to Cameroon, and instead, would be removed to a third country. Am. Pet. 5–6. A few weeks after the hearing, Teboh was presented with a custody determination document, which stated that he was ordered removed by an IJ to Cameroon on December 28, 2024. *Id.* at 6, *see id.* Ex. B ("Custody Determination Notice"), at 6. This document indicates that Immigration and Customs Enforcement ("ICE") requested travel documents for Teboh from Cameroon on November 14, 2025. *See* Custody Determination Notice 6. However, on March 4, Teboh received a positive reasonable fear determination of returning to Cameroon. Am. Pet. 6, *see id.* Ex. C ("Reasonable Fear Determination"), at 9–10.

Teboh filed this Amended Petition seeking his immediate release, arguing that his detention has become unreasonably prolonged.  Am. Pet. 5–6, 8, 10, 14.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention."  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  A response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  *Id.*

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines.  Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*."  (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241.  *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition.").  District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243.  *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Teboh the relief he seeks. Respondents are ordered to show cause by March 16, 2026.

Teboh also requests that Respondents be prevented from transferring him "to any facility out of the district of New Mexico" while his case is pending. Am. Pet. 14. Notwithstanding the fact that Teboh is detained within the Western District of Texas, not the District of New Mexico, his transfer to another facility may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 23, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE